**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DEBRA L. BROOKS,<br><br>Plaintiff,<br><br>v.<br><br>FAY SERVICING, LLC,<br><br>Defendant. | Case No. 1:21-cv-00904 |

## COMPLAINT

**NOW COMES** Plaintiff, DEBRA L. BROOKS, through undersigned counsel, complaining of Defendant, FAY SERVICING, LLC, as follows

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. DEBRA L. BROOKS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 30W176 Calumet Avenue West, Warrenville, Illinois 60555.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. FAY SERVICING, LLC ("Defendant") is a limited liability company organized and existing under the laws of the state of Delaware.

7. Defendant maintains a principal place of business at 8001 Woodland Center Boulevard, Tampa, Florida 33614.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

**FACTUAL ALLEGATIONS**

10. On April 30, 2010, Plaintiff executed a mortgage in favor of Wells Fargo Bank, N.A. (the "Mortgage").

11. The Mortgage secured the purchase of Plaintiff's personal residence located at 30W176 Calumet Avenue West, Warrenville, Illinois 60555 (the "Property").

12. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note (the "Note") in the amount of $42,383.00 (the "Loan").

13. On December 1, 2018, Plaintiff defaulted on the Loan by failing to make monthly payments.

14. On or before August 2, 2019, the Loan was assigned, sold, or transferred to Specialized Loan Servicing LLC.

15. On August 11, 2020, Plaintiff filed a voluntary petition for relief under Chapter 13, Title 11, United States Code.[1]

16. The schedules filed by Plaintiff included Specialized Loan Servicing LLC on Schedule D: Creditors Who Have Claims Secured by Property.

---

[1] Ch. 13-JSB 1:20-bk-15477 *In re Debra L. Brooks*

| 2.1 | Specialized Loan Servicing/SLS<br>Creditor's Name<br><br>Attn: Bankruptcy<br>Po Box 636005<br>Littleton, CO 80163<br>Number, Street, City, State & Zip Code | Describe the property that secures the claim:<br>30 W 176 Calumet Avenue<br>Warrenville, IL 60555-1515 DuPage County | $76,418.00 | $340,000.00 | $0.00 |
|---|---|---|---|---|---|

Who owes the debt? Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim relates to a community debt**

**As of the date you file, the claim is:** Check all that apply.

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Nature of lien.** Check all that apply.

- ☐ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ■ Other (including a right to offset) Mortgage

Date debt was incurred Opened 4/30/10 Last Active 4/08/20

Last 4 digits of account number 2227

17. On August 14, 2020, the Bankruptcy Noticing Center issued a Certificate of Notice, certifying, under penalty of perjury, that it sent Notice of Chapter 13 Bankruptcy Case by first class mail to Specialized Loan Servicing LLC, Attn: Bankruptcy, P.O. Box 636005, Littleton, Colorado 80163 on August 14, 2020.

18. On August 20, 2020, Specialized Loan Servicing LLC filed a proof of claim (Claim 2) asserting a secured claim of $85,041.12, including $62,121.06 in mortgage arrearages.

19. Furthermore, Specialized Loan Servicing LLC's "Proof of Claim Attachment" indicated Plaintiff's "monthly payment" to be **$1,139.47**.

20. Specialized Loan Servicing LLC, mailed Plaintiff a Mortgage Statement, dated September 17, 2020, seeking Plaintiff's "Regular Mortgage Payment" of **$1,139.17**.

21. Specialized Loan Servicing LLC, mailed Plaintiff a Mortgage Statement, dated October 16, 2020, seeking Plaintiff's "Regular Mortgage Payment" of **$1,139.17**.

22. Plaintiff's Modified Chapter 13 Plan, dated November 2, 2020, was confirmed on November 6, 2020 (the “Confirmed Plan”).

23. The Confirmed Plan provided:

**Part 3: Treatment of Secured Claims**

3.1 Maintenance of payments and cure of default, if any.

Check one:

□ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

■ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any idem of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Specialized Loan Servicing/SLS** | **30 W 176 Calumet Avenue Warrenville, IL 60555-1515 DuPage County** | **$1,139.47**<br>Disbursed by:<br>□ Trustee<br>■ Debtor(s) | Prepetition: **$62,121.06** | **0.00%** | **$1,444.68** | **$62,121.06** |

24. Specialized Loan Servicing LLC, mailed Plaintiff a Mortgage Statement, dated November 18, 2020, seeking Plaintiff's "Regular Mortgage Payment" of **$1,139.17**.

25. Specialized Loan Servicing LLC, mailed Plaintiff a Mortgage Statement, dated December 17, 2020, seeking Plaintiff's "Regular Mortgage Payment" of **$1,139.17**.

26. The servicing of the Loan, was assigned, sold, or transferred from Specialized Loan Servicing LLC to Defendant, effective January 12, 2021.

27. Defendant mailed Plaintiff a Fair Debt Collection Practices Act (FDCPA) Validation Notice (the "Notice"), dated January 21, 2021., providing, relevantly:

**Fair Debt Collection Practices Act (FDCPA) Validation Notice**

(1) According to Fay Servicing records, including information that has been received from the prior servicer, Specialized Loan Servicing, the amount of your debt as of 1/11/2021 is provided below.

(2) We are collecting the debt on behalf of U.S. Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust.

(3) Current Monthly Payment Amount: **$1,369.11**

28. The Notice is a "communication" as defined by 15 U.S.C. § 1692a(2).

29. The Notice sought to collect an amount $229.94 greater than Plaintiff's Regular Mortgage Payment.

**DAMAGES**

30. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

31. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

32. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

33. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation. However, being misled in violation of an anti-trickery statute like the FDCPA is a concrete harm, nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff

"who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

34. Concerned with having had her rights violated, Plaintiff engaged counsel—expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 *et seq*.)

35. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

36. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (2) The false representation of –
>
> (A) the character, amount, or legal status of any debt.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

37. The Notice sought an incorrect payment amount **($1,369.11**); thus violating 15 U.S.C. §§ 1692e(2)(A) and e(10).

### Violation of 15 U.S.C. § 1692f

38. Section 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

39. After a plan is confirmed, debtor and creditor rights and responsibilities are defined by the confirmed plan.

40. In this case, Plaintiff's monthly payment amount to Defendant (**$1,139.17)** was implemented by her Confirmed Plan.

41. The Notice sought to collect **$1,369.11**—$229.94 more than what is permitted in Debtor's Confirmed Plan; thus violating 15 U.S.C. § 1692f(1)

42. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10), and f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)
>
> > (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(10), and f(1);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

DATED: February 18, 2021

Respectfully submitted,

**DEBRA L. BROOKS**

By: *<u>/s/ Joseph S. Davidson</u>*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com